UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :          INFORMATION

        -v.-                                            :          19 Cr. _____

JOSE BURGOS,

           Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**19 CRIM 202**

USDC SDNY
DOCUMENT
ELECTRONICAL...
DOC #: _____
DATE FILED: _____

## COUNT ONE
(Conspiracy)

The United States Attorney charges:

1.      At all times relevant to this Information, the Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting the taxes owed to the Treasury of the United States.

2.      At all times relevant to this Information, JOSE BURGOS, the defendant, was a United States citizen who resided in the Southern District of New York. JOSE BURGOS owned and controlled Burgos Enterprises, LLC ("Burgos Enterprises"), which was organized as a single-member limited liability company ("LLC"). Pursuant to the Internal Revenue Code and associated regulations, single-member LLCs are disregarded entities. Accordingly, the income and deductions of the LLC are reported on the individual income tax return, Form 1040, of the owner, or "member," of the LLC, typically on a Schedule C.

3.      A co-conspirator not named as a defendant herein was Joseph Ciccarella, who owned, operated, and controlled BSI Consulting Services, Inc. ("BSI") and KMS Mechanical

1

Systems, Inc. ("KMS"), both of which were subchapter S corporations ("S Corps") that conducted business in the New York metropolitan area. BSI was a commercial heating, ventilation, and air conditioning business, and KMS performed commercial and residential steam fitting and boiler making services.

4.     Three co-conspirators not named as defendants herein were Individual A, Individual B, and Individual C, who owned or were employed by a construction-related company ("Company ABC") located in Queens, New York.

## The Conspiracy

5.     From at least in or about 2008 through at least in or about 2013, JOSE BURGOS, the defendant, together with others, including Joseph Ciccarella, Individual A, Individual B, and Individual C, devised and executed a conspiracy and scheme pursuant to which Joseph Ciccarella, Individual A, Individual B, and Individual C caused checks drawn on bank accounts of BSI, KMS, and Company ABC to be made payable to Burgos Enterprises and cashed by JOSE BURGOS at various check-cashing services. After retaining agreed-upon check-cashing fees, BURGOS thereafter returned the cash to Ciccarella, Individual A, Individual B, and Individual C, who used the cash to pay for, among other things, cash payroll to employees and bribes to obtain construction contracts.

6.     As part of the aforementioned conspiracy and scheme, Joseph Ciccarella (i) caused numerous checks to be drawn on the accounts of BSI and KMS and made payable to Burgos Enterprises, even though Burgos Enterprises did not, and was not expected to, perform services in exchange for the checks; (ii) delivered the third party checks to JOSE BURGOS, the defendant, who cashed the checks and returned the cash to Ciccarella; (iii) filed and caused to be filed with the IRS corporate income tax returns for BSI and KMS for various tax years between 2008 and

2

2012 that falsely and fraudulently claimed the third party checks constituted "costs of goods sold" for BSI and KMS ; and (iv) filed and caused to be filed with the IRS U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2009, 2010, and 2011 that falsely and fraudulently omitted income in the form of cash obtained through the aforementioned check-cashing activities.

7.     As part of the aforementioned conspiracy and scheme, Individual A, Individual B, and Individual C (i) caused numerous checks to be drawn on the accounts of Company ABC and made payable to Burgos Enterprises, even though Burgos Enterprises did not, and was not expected to, perform services in exchange for the checks; (ii) delivered the third party checks to JOSE BURGOS, the defendant, who cashed the checks and returned the cash to Individual A, Individual B, and/or Individual C; (iii) used the cash to pay cash bribes to employees of Manhattan-based companies ("the Manhattan Companies") to ensure that Company ABC would be hired for construction projects or would receive additional amounts on contracts for which Company ABC had been hired; and (iv) filed and caused to be filed with the IRS corporate income tax returns for ABC Company for various tax years between 2008 and 2013 that falsely and fraudulently claimed the third party checks payable to Burgos Enterprises constituted "costs of goods sold" for Company ABC.

### Statutory Allegations

8.     From at least in or about 2008 through at least in or about 2013, in the Southern District of New York and elsewhere, JOSE BURGOS, the defendant, together with others, including Joseph Ciccarella, Individual A, Individual B, and Individual C, willfully and knowingly did combine, conspire, confederate and agree together and with each other to defraud the United States and an agency thereof, to wit, the IRS, and to commit offenses against the United States, to wit, violations of Title 18, United States Code, Section 1343.

3

9.     It was part and an object of the conspiracy that JOSE BURGOS, the defendant, and others known and unknown, including Ciccarella, Individual A, Individual B, and Individual C, willfully and knowingly did defraud the United States of America and the IRS by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, and collection of income taxes.

10.     It was further a part and an object of the conspiracy that JOSE BURGOS, the defendant, and others known and unknown, including Individual A, Individual B, and Individual C, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the owners of the Manhattan Companies of their intangible right to the honest services of their employees, would and did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Overt Acts

11.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     In or about January 2011, JOSE BURGOS, the defendant, cashed over $300,000 of checks payable to Burgos Enterprises and drawn on the account of Company ABC.

b.     In or about February 2012, JOSE BURGOS cashed a check in the amount of $54,375 made payable to Burgos Enterprises and drawn on the account of Company ABC.

c.     In or about January 2012, JOSE BURGOS, the defendant, traveled with Individual A to deliver a cash bribe to one of the employees of the Manhattan Companies.

4

d.      In or about February 2012, JOSE BURGOS, the defendant, cashed a check made payable to Burgos Enterprises and drawn on the account of BSI, after which BURGOS delivered the cash proceeds to Joseph Ciccarella.

(Title 18, United States Code, Section 371.)

COUNT TWO
(Tax Evasion)

The United States Attorney further charges:

12.      From at least on or about January 1, 2007 through at least on or about April 15, 2013, in the Southern District of New York and elsewhere, JOSE BURGOS, the defendant, did willfully attempt to evade and defeat a substantial part of the income tax due and owing to the IRS by BURGOS for the calendar years 2007 through 2012 by various means, including among others: (a) preparing and causing to be prepared, signing and causing to be signed, and filing and causing to be filed with the IRS, U.S. Individual Income Tax Returns, Forms 1040, for himself which falsely and fraudulently omitted substantial amounts of income in the form of check-cashing fees; and (b) failing to file a U.S. Individual Income Tax Return, Form 1040, for the tax years 2011 and 2012, despite receiving substantial amounts of income in the form of, among other things, check-cashing fees.

(Title 26, United States Code, Section 7201.)

GEOFFREY S. BERMAN
United States Attorney

5